William Dorothy, Trustee, Appellant, v. Commonwealth Commercial Company and Northern Trust Company, Appellees.

Gen. No. 20,870.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed April 17, 1916.

## Statement of the Case.

Bill by William Dorothy, trustee in bankruptcy of R. K. Maynard Piano Company, a corporation, bankrupt, complainant, against Commonwealth Commercial Company and Northern Trust Company, defendants.

Complainant filed a bill for the redemption of certain accounts, notes, contracts and papers in the possession of the defendant Commonwealth Commercial Company, which it is alleged were delivered to said defendant as collateral security for loans of money made by this defendant, to the R. K. Maynard Piano Company, of which complainant, William Dorothy, is trustee in bankruptcy. The bill prayed for an accounting and asked that upon payment of the amount found due from the Maynard Company all its indebtedness to the Commonwealth Company be declared extinguished and

602    APPELLATE COURTS OF ILLINOIS.

Dorothy v. Commonwealth Commercial Co. et al., 198 Ill. App. 601.

that said accounts, notes, etc., be delivered to complainant and decreed to belong to the Maynard Company and to complainant as trustee for the same. Upon hearing by the chancellor the bill was ordered dismissed for want of equity. From this, complainant appeals.

The transfer of the accounts, notes, etc., from the Maynard Company to the defendant was effected under four contracts. Complainant contends that these contracts, rightly construed, show the transaction to be a transfer of collateral as security for loans. The defendant Commonwealth Company contends that they are what in form they appear to be—bona fide sales.

ATWOOD, PEASE & LOUCKS, for appellant.

ZANE, MORSE & McKINNEY, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 1*—*when agreement a loan and not a sale.* Transaction in suit *held* to constitute a loan, and the accounts, notes, contracts and papers involved therein to be collateral security, following *Mercantile Trust Co. v. Kastor,* 273 Ill. 332.

2. CONTRACTS, § 203*—*when dealings between parties a continuous transaction.* On a bill to redeem certain accounts, notes, contracts and papers, dealings between plaintiff and defendant examined and *held* to constitute a continuous transaction.

3. CONTRACTS, § 203*—*when dealings between parties a continuous transaction.* The continuous character of a transaction is not affected by the fact that yearly contracts were entered into between the parties which bore no relation to particular periods of time and were merely incidental to the continuous business.

4. CONTRACTS, § 157*—*when return of consideration received under ultra vires contract required.* On a bill to redeem accounts,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dorothy v. Commonwealth Commercial Co. et al., 198 Ill. App. 601.

notes, contracts and papers claimed to have been deposited by complainant with defendant as collateral security for a loan, complainant who has received money under the contracts between the parties is not relieved from the obligation to account for and return it with legal interest by reason of the fact that such contracts were *ultra vires.*